UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
RONALD MIRANDA, on behalf of himself and
other similarly situated current and former auto
body workers and mechanics,

                       Plaintiffs,                      **SUMMARY ORDER**

               against -                      17-cv-04116 (AMD) (RER)

GENERAL AUTO BODY WORKS, INC.,
d/b/a GENERAL AUTO BODY WORKS and
JUNIOR AUTO COLLISION and JUNIOR
BACCHUS and MOHAMMED BACCHUS
individually,

                       Defendants.
-----------------------------------------------------------X

**RAMON E. REYES, JR., U.S.M.J.:**

       Plaintiff Ronald Miranda ("Miranda") brings this action on behalf of himself and other similarly situated current and former auto body workers and mechanics of defendant General Auto Body Works, Inc., and individual owners Junior Bacchus and Mohammed Bacchus (collectively "Defendants") alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201–219 ("FLSA") and New York Labor Law ("NYLL"). Plaintiffs have moved pursuant to FLSA § 216(b) to conditionally certify a collective action and to distribute notice to putative members of the collective. Defendant opposes the motion. For the following reasons, the motion is granted and the proposed notice to putative members of the collective action is approved with modifications.

## DISCUSSION

A. *Conditional Certification*

       Section 216(b) of the FLSA allows an employee to assert claims on behalf of himself and "other employees similarly situated." The Second Circuit has endorsed a two-step process to

1

determine whether to certify a collective action. *Myers v. Hertz Corp.*, 624 F.3d 537, 554-55 (2d Cir. 2010). Generally, the court examines "whether putative plaintiffs are similarly situated at an early 'notice stage' and then again after discovery is largely complete." *McGlone v. Contract Callers, Inc.*, 867 F. Supp. 2d 438, 442 (S.D.N.Y. 2012) (citation omitted). Here, Plaintiffs move for conditional certification and judicial notice at the early "notice stage."

At this preliminary stage, the court makes "an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiff[] with respect to whether a FLSA violation has occurred." *Myers*, 624 F.3d at 555 (citations omitted). Because the evidence is generally limited at this stage in the litigation, plaintiffs need only "make a modest factual showing that they and potential opt-in plaintiffs together were victims of a common policy or plan that violated the law." *Id.* (citation and quotation marks omitted). The factual showing for conditional certification is a "lenient one" but "even if modest, must still be based on some substance." *McGlone*, 867 F. Supp. 2d at 443 (citations omitted); *see also Myers*, 624 F.3d at 555 ("The 'modest factual showing' cannot be satisfied simply by 'unsupported assertions,' but it should remain a low standard of proof because the purpose of this first stage is merely to determine whether 'similarly situated' plaintiffs do in fact exist.") (citations omitted). The assertions of the named plaintiff may be enough to meet this minimal burden. *See Fa Ting Wang v. Empire State Auto Corp.*, No. 14 Civ. 1491, 2015 WL 4603117, at *6 (E.D.N.Y. July 29, 2015) (granting conditional certification where the plaintiff's affidavit set forth a defendant's plan or scheme to not pay overtime compensation and identified by name similarly situated employees).

In support of this motion, Miranda has submitted a declaration in which he alleges that during his five years of employment as an auto body worker and mechanic, the Defendants

regularly failed to pay him for overtime hours. (Dkt. No. 11 ("Miranda Decl.") at 2). In this declaration, Miranda also claims that Defendants do not accurately track employees' work hours, and intentionally omitted overtime hours from his paystub. *Id*. at 2-3. Miranda also identifies two other auto body workers and mechanics, Axel Galea and Carlos Castellano, who claim that Defendants failed to pay them overtime compensation for hours worked over 40 hours. *Id.* at 3.

Defendants argue that Miranda's declaration and complaint do not meet the minimal evidentiary burden required for conditional certification. (Dkt. No. 16-1 ("Defs. Opp'n Memo") at 6.) I disagree. While it is true that mere allegations are not enough to justify conditional certification, *Myers*, 624 F.3d at 555, there are numerous examples of courts in this Circuit granting conditional certification based on the pleadings and a single affidavit by the plaintiff. *See, e.g., Zaldivar v. JMJ Caterers, Inc.*, 166 F. Supp. 3d 310, 314 (E.D.N.Y. 2016); *Escano v. N & A Produce & Grocery Corp.*, No. 14 Civ. 4239, 2015 WL 1069384, at *1 (S.D.N.Y. Mar. 11, 2015); *Gonzalez v. Scalinatella, Inc.*, No. 13 Civ. 3629, 2013 WL 6171311 (S.D.N.Y. Nov. 25, 2013); *Cheng Chung Liang v. J.C. Broadway Rest., Inc.*, No. 12 Civ. 1054, 2013 WL 2284882, at *1 (S.D.N.Y. May 23, 2013). Here, Miranda's claims based on personal observation and conversations with a small collective of co-workers who share the same duties and responsibilities, is enough to show a "factual nexus" supporting a "common discriminatory scheme." *Hoffmann v. Sbarro, Inc.,* 982 F. Supp. 249, 261, (S.D.N.Y. 1997). Furthermore, the Defendants themselves have suggested evidence of inadequate overtime and notice policies by requesting all members of the potential collective to sign release waivers of all NYLL claims in exchange for a $400 "settlement." (Dkt. No. 16 ("Employee Releases")).

The plaintiff has sufficiently demonstrated the possibility of a similarly situated collective of employees. Therefore, conditional certification is granted.

B. *Proposed Notice*

Defendants request the following modifications to the notice proposed by the Plaintiffs: (1) change the notice period from six to three years; (2) remove all reference to state law claims under the NYLL; (3) clarify language regarding employee's right to opt-in; and (4) reduce the number of times the name of plaintiff's counsel appears on the notice. (Defs. Opp'n Memo at 7-8). The Defendants also request notification by mail only, and not by posting the notice at the work place. *Id.* at 8. Acknowledging that the district court has broad discretion to determine the form and content of the notice, *Valerio v. RNC Indus., LLC*, 314 F.R.D. 61, 76 (E.D.N.Y. 2016) (citing *Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 170 (1989))*, I will address each of the Defendant's requests in turn.

    i.    Content of Notice

The Defendants argue that the period of notice should reflect the 3-year statute of limitations of the FLSA §255(a), (Defs. Opp'n Memo at 7), rather than the 6-year statute of limitations reflected in NYLL §195. The courts of this Circuit may grant either a 3-year or a 6-year notice period in FLSA/NYLL collective actions depending on the facts of each case. *See Trinidad v. Pret A Manger (USA) Ltd.*, 962 F. Supp. 2d 545, 563 (S.D.N.Y. 2013) (collecting cases). Courts granting the 6-year notice period cite the "economy of providing notice to plaintiffs with FLSA claims who may also have NYLL claims subject to a six-year statute of limitations." *Id*. Generally, courts are more apt to grant a 6-year notice period when, as in this case, the potential class size is small and "the notice itself mitigates possible confusion." *Rojas v. Kalesmeno Corp.,* No. 17 Civ. 0164, 2017 WL 3085340, at *6 (S.D.N.Y. July 19, 2017); *see also Klimchak v. Cardrona, Inc.*, No. 09 Civ. 04311, 2011 WL 1120463, at *7 (E.D.N.Y. Mar. 24, 2011) ("[S]ince the number of potential plaintiffs is not large, it is appropriate to permit plaintiffs

to provide notice to potential opt-in plaintiffs who may have viable state law claims within the six (6) year statute of limitations period, even if those plaintiffs' FLSA claims might be time-barred.").

However, Defendants argue that there are no potential plaintiffs entitled to the 6-year NYLL statute of limitations because all of the putative class members (eight employees total) have signed releases that waive their right to sue Defendants on the NYLL claims. (Defs. Opp'n Memo at 7); (*see also* Employee Releases). Defendants cite several cases to support the validity of such releases under New York law. *See Nikci v. Quality Bldg. Servs.*, 995 F. Supp. 2d 240 (S.D.N.Y. 2014) (upholding a settlement agreement negotiated by a union representative); *DiFilippo v. Barclays Capital, Inc.*, 552 F. Supp. 2d 417 (S.D.N.Y. 2008) (enforcing an agreement that released employer from overtime claims arising under NYLL). However, neither case addresses the validity of waivers of the notice requirement of the New York Wage and Theft Prevention Act, which is at issue here and which the New York Department of Labor has stated cannot be waived. NY DEPT. OF LABOR, WAGE AND THEFT PREVENTION ACT FREQUENTLY ASKED QUESTIONS (2011), https://labor.ny.gov/workerprotection/laborstandards/PDefs/wage-theft-prevention-act-faq.pdf.

Additionally, under New York law, a release of this nature is only binding if it was entered into knowingly and voluntarily, and was not the product of fraud, duress, or undue influence. *DiFilippo,* 552 F. Supp. 2d at 426 (quotations omitted). Here, Miranda alleges that at least some of the potential plaintiffs did not know they were signing a settlement agreement when they signed the Defendants' release. (Dkt. No. 23 ("2nd Miranda Decl.")). Because there are unsettled issues of fact and law regarding the validity of the potential plaintiffs' NYLL claims, it would be premature for the Court to ignore these claims at this stage of the litigation.

Therefore, notice should include all auto body workers and mechanics employed by General Auto Body Works, Inc. since July 11, 2011 and should include reference to both FLSA and NYLL claims.

The Defendants also requested modifications of the opt-in language and the removal of the contact information for plaintiff's counsel currently at the bottom of each page. (*See* Dkt. No. 10 ("Pls. Notice"); Defs. Opp'n Memo at 7). While I disagree with Defendants' contention that the presence of Plaintiff's counsel's name at the bottom of each page "leads a reader to insinuate that Defendant has committed various wrongdoings," (Defs. Opp'n Memo at 8), the presence is nevertheless excessive and unnecessary. It will be removed.

ii. Form of Notice

The Plaintiff requests that, in addition to mailing the notice, Defendants also post the notice in their shops, Junior Auto Collision and General Auto Body Works. Courts often approve requests to post notices on employee bulletin boards or common areas even when potential members will also be notified by mail. *Fa Ting Wang,* 2015 WL 4603117, at *7; *see also Enriquez v. Cherry Hill Market Corp.,* No. 10 Civ. 5616, 2012 WL 440691, at *5 (E.D.N.Y. Feb. 10, 2012) ("Posting the notice is a reasonable means of assuaging the vagaries of notice by mail, and would not unduly burden the defendants."). Here, defendants have not alleged that they would incur an undue burden from posting the notice in their shop. Therefore, the notice should be both mailed and posted.

C. *Scope of Discovery*

In order to provide effective notice to the putative class, Miranda requests the Defendants turn over the names, last known addresses, telephone numbers, dates of employment and social security numbers of all potential class members. (Dkt. No. 9 ("Pls. Memo") at 9). Defendants

object to providing the social security numbers. (Defs. Opp'n Memo at 8). Courts in collective actions will generally order the discovery of names, addresses, telephone numbers, email addresses, and dates of employment of potential collective members. *Sharma v. Burberry Ltd.*, 52 F. Supp. 3d 443, 465 (E.D.N.Y. 2014). However, courts are reluctant to authorize disclosure of private information, such as dates of birth and social security numbers, unless the plaintiff shows that such information is necessary to notify potential opt-ins. *Zaldivar*, 166 F. Supp. 3d at 326. Here, Miranda has not provided the Court with any evidence that social security numbers are necessary for notification of this collective. Thus, Defendants are only required to turn over the names, last known addresses, telephone numbers, and dates of employment of members of the putative collective.

## **CONCLUSION**

For the reasons set forth above, plaintiffs' motion for conditional certification of a collective action is granted. The parties are to submit a revised notice that complies with this Order and to file the same on ECF by October 31, 2017.

SO ORDERED.

Dated: October 18, 2017
Brooklyn, New York

*Ramon E. Reyes Jr.*
Ramon E. Reyes, Jr.
United States Magistrate Judge